# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3862 | **DATE** | 9/5/2012 |
| **CASE TITLE** | Carroll vs. Hathaway | | |

**DOCKET ENTRY TEXT**

Respondent's motion Rule 59(e) motion to alter judgment [32] is granted; Petitioner's requested relief of striking the mandatory term of supervised release from his sentence is denied. Petitioner's motion to alter judgment [40] is denied. A certificate of appealability is issued solely as to the issue of the Petitioner's term of mandatory supervised release ("MSR").

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

  Respondent Allan Martin, Warden of the Shawnee Correctional Center, has moved under this Court Fed. R. Civ. P. 59(e) to reconsider its judgment of January 19, 2012, which struck a term of mandatory supervised release ("MSR") from petitioner Charles Carroll's term of imprisonment. Petitioner has also asked this Court to amend its judgment to specify the parameters of how the state court may resentence him in regards to the MSR. He also asks for $107.70 to cover the costs of his copies and postage expended in his appeals.

  The parties are familiar with the underlying facts in this case, and they will not be repeated at length here. As set out in that opinion, a term of mandatory supervised release is mandated by state law for sentences such as Petitioner's, but was not imposed by the judge at Petitioner's resentencing. Instead, the MSR term was added by the Illinois Department of Corrections at some later date. The Court notes that the Respondent's arguments should have been raised in the original briefing in this matter. Nonetheless, for the following reasons, the motion for reconsideration is granted, and the Court issues a certificate of appealability.

  In 1936, the United States Supreme Court considered the case of a federal prisoner whose order of commitment varied significantly from the sentence imposed upon him by the sentencing judge — the clerk, by local custom, had added the requirement that he remain imprisoned until his fine and costs were paid. *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 463-66 (1936). The Court reviewed three certified questions, two of which are primarily relevant here: (1) whether the condition of imprisonment inserted by the clerk was void or "merely irregular," and (2) whether habeas corpus would lie to correct the problem. *Id.* at 463. Reasoning that "[a] warrant of commitment departing in matter of substance from the judgment back of it is void," the Court concluded that the term of confinement added by the clerk, which had not been mentioned by the sentencing judge either orally or in his records, was void, and that habeas was available to correct the problem. *Id.* at 465, 467. The Court did not, however, specify the particular legal basis for its conclusion. *Id.* There is little doubt that the statements lend some support to Petitioner's claim that his MSR term is invalid. *See also People v. Munoz*, 962 N.E.2d 632, 635 (Ill. App. Ct. December 19, 2011)(vacating MSR term in

**STATEMENT**

excess of that imposed by sentencing judge and remanding matter for resentencing).

Indeed, in 2006, the Second Circuit applied *Wampler* to a case very similar to Petitioner's — that of a state prisoner whose judgment and commitment had not mentioned a mandatory term of supervised release that was required under state law. *Earley v. Murray,* 451 F.3d 71 (2d Cir. 2006). The court in *Earley* noted that *Wampler* involved a discretionary term of imprisonment, not one mandated by state law. *Id.* at 75. However, the court concluded that *Wampler*'s holding was broader than that — that the judgment of a court conclusively establishes a defendant's sentence, and that no administrator's amendment may change it. *Id.* The *Earley* court, too, noted that *Wampler* does not identify the source of the rule that it announced. *Id.* at 76 n.1. However, noting that the issue in *Wampler* was a procedural defect – the sentencing judge could have imposed the term at issue, but did not – the Second Circuit determined that *Wampler's* holding found its roots in the constitutional guarantees of due process. *Id.* Accordingly, the Second Circuit concluded that adding a term of supervised release to the petitioner's sentence, without the imprimatur of the sentencing judge, was contrary to clearly established Federal law as determined by the Supreme Court, such that habeas was appropriate under 28 U.S.C. § 2254(d)(1). *Id.*

In reaching its initial decision in Petitioner Carroll's case, this Court chose to follow *Earley*. Upon reconsideration, however, the Court concludes that the holding of *Wampler* was not clearly as broad as the Second Circuit believed. The explanatory language in the opinion is broad, and its discussion of fundamental liberty concerns make it very possible that that Supreme Court, had it been presented with Petitioner Carroll's case, would have found his MSR term invalid. However, the Court also based its reasoning, in part, on a judge's discretionary power in sentencing – a factor not in play when the term of imprisonment is required by state law, as it is here. *Wampler*, 298 U.S. at 464. The opinion's relative brevity, lack of reference to the particular standard it was applying, and discourse on the nature of judicial power (which would seem to implicate Article III, inapplicable to state judges), mean that the holding was not unmistakably broad enough to encompass state prisoners imprisoned pursuant to a legally mandated terms of supervision. *See Wright v. Van Patten*, 552 U.S. 120, 125 (2008) (noting that previous Supreme Court precedent squarely addressed the issue presented for habeas to be appropriate). Therefore, because the state court's decision upholding the MSR term was not contrary to the clear holding of a Supreme Court case, and Petitioner's circumstances are not so close as to be "materially indistinguishable" from those in *Wampler*, this Court cannot conclude that the state court's decision was contrary to clearly established Federal law as determined by the Supreme Court. *See McCarthy v. Pollard*, 656 F.3d 478, 483 (7th Cir. 2011). Accordingly, the Court grants Respondent's motion for reconsideration and denies Petitioner's requested relief of striking the mandatory term of supervised release from his sentence. Because of this reconsideration, the Petitioner's request for instructions from this Court to the state court on resentencing are obviously moot. The Court also declines to award any financial award. Petitioner's motion is denied; Respondant's is granted.

In order to obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of [a] constitutional right." 28 U.S.C. § 2253(c). He has made such a "substantial showing" if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011)(Ripple, J. in chambers) (citation omitted). This Court has obviously considered the question presented by Petitioner's situation to be a close one; accordingly, the Court grants him a certificate of appealability limited to the issue of his term of mandatory supervised release.